UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILMOT MOORE,

    Petitioner,                                                             Civil Action No. 10-CV-11834

v.                                                                  HON. BERNARD A. FRIEDMAN

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS**

Michigan state prisoner Wilmot Moore seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for three counts of armed robbery, assault with intent to murder, assault with intent to cause great bodily harm less than murder, three counts of unlawful driving away of an automobile, and three counts of felony firearm. Now before the court is respondent's motion for summary judgment and dismissal on the ground that the petition was not timely filed. For the reasons stated below, the court shall grant the motion.

Following a bench trial in Wayne County Circuit Court, petitioner was convicted as set forth above. On January 12, 1993, he was sentenced as a second habitual offender to life in prison for each count of armed robbery and for assault with intent to commit murder, 7-1/2 to 15 years in prison for assault with intent to cause great bodily harm less than murder, 5 to 7-1/2 years in prison for each count of unlawful driving away of an automobile, and two years in prison for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions. *See People v. Moore*, Nos. 162656 & 163138 (Mich. Ct.

App. July 27, 1995). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal on May 31, 1996. *See People v. Moore*, 451 Mich. 909 (1996).

Petitioner filed a motion for relief from judgment in the trial court on October 2, 2007. The motion was denied. *See People v. Moore*, No. 92-004271, 92-004272, & 92-004273 (Wayne County Cir. Ct. Mar. 5, 2008). Petitioner's applications for leave to appeal the denial of his motion for relief from judgment were denied by the Michigan Court of Appeals, *see People v. Moore*, No. 290746 (Mich. Ct. App. June 25, 2009), and by the Michigan Supreme Court. *See People v. Moore*, 486 Mich. 852 (2010). Petitioner filed the instant petition on April 29, 2010.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *See Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). If a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). In addition, under 28 U.S.C. § 2244(d)(2) the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the

limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the present case, petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. He did not file his habeas petition until April 29, 2010, 13 years after the limitations period expired. Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment, but not until October 2, 2007, over 10 years after the limitations period already had expired. Therefore, the filing of that motion did not statutorily toll the limitations period. Accordingly, absent equitable tolling, the petition is untimely.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas petitioner is entitled to equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004,) *citing Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on

a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner seeks equitable tolling based upon his ignorance of the law. That petitioner is untrained in the law and is proceeding without a lawyer does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Therefore, the petition is untimely and must be dismissed.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In the present case, reasonable jurists could reach only one conclusion, namely, that the petition in this matter is grossly untimely. Accordingly, the court cannot issue a certificate of appealability. Accordingly,

IT IS ORDERED that respondent's motion for summary judgment is granted and the petition in this matter is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue in this case.

 S/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 11, 2011  
      Detroit, Michigan